## Case No. 16,813.

VALENTINE et al. v. REYNOLDS et al.

[3 Betts' C. C. MS. 54.]

Circuit Court, S. D. New York. May 25, 1844.

PATENTS FOR INVENTIONS — INFRINGEMENT — INJUNCTION—VIOLATION.

[Where an injunction has issued in an infringement suit after the verdict of a jury sustaining the validity of complainant's patent upon an issue made up and submitted to them, defendant cannot protect himself from the consequences of his violation of such injunction by an allegation of paramount right in himself, as that he had purchased prior patents that covered plaintiff's device.]

[Rule for attachment for contempt in the suit of Henry Valentine and Alexander Caselli against James Reynolds and Andrew Marshall.]

BETTS, District Judge. An injunction was granted in this case after a trial at law in which the validity of the patent was put at issue, and the verdict was for the plaintiff, and in affirmance of the patent. The defendants are proved to have been working machines similar to those for the use of which the action was brought, since the injunction was served on them, and, as the plaintiff alleges and proves by the deposition of one witness, are in substance identical with the machines first used. The defendants, by their own affidavits and those of other witnesses, contradict the plaintiff's witness in various particulars, and assert that they are using machines which act upon entirely a new principle, and no way violate the right secured to plaintiff by the patent under which he sues. They also deny the originality of the invention, and aver they have conformed their machines to those secured in patents older than the plaintiff's, and which the defendants have purchased since the trial. Most clearly, the defendants cannot protect themselves against the consequences of violating the injunction on an allegation of a paramount right in themselves showing it ought not to have issued. This matter must be brought in by answer, or in some method that will enable them to move to have the injunction dissolved. Carp. Pat. Cas. 102; Webster, Pat. Cas. 27, 28; Gods. Pat. 186. Whilst it remains in force, it must be implicitly obeyed. 6 Ves. 109; 2 Dickens, 797; 2 Ch. Cas. 203.

The testimony produced by the defendants is far from being satisfactory that the alterations and changes made by them in their machines is more than merely colorable. They must go farther than this to repel the motion. They must demonstrate to the court, beyond a reasonable doubt, that, in following the business on machines apparently the same as

before used, they are not in fact in any way violating the privilege secured the plaintiffs. That privilege, under the shield of the injunction already awarded, must be assured to him until the defendants, by regular course of process and hearing, satisfy the court the interdiction on them ought to be removed, Carp. Pat. Cas. 102; Webster, Pat. Cas. 27, 28; Gods. Pat. 186. The burthen in this respect is on them. The plaintiffs show enough prima facie to put the defendants under interrogatories, and they cannot be excused the test of the integrity of their conduct by general depositions, denying the accuracy of the opinion of those who have witnessed their operations, and judge them to be conducted on the plaintiffs' machines with only slight and colorable variations of the parts. 1 Hoff. Ch. 439. The attachment as prayed for must accordingly issue, unless the defendants stipulate to cease working their machines until the final hearing of this cause on the merits, or on a motion by them to dissolve the injunction. Order accordingly.